FILED
HARRISBURG, PA
OCT 02 2017

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Earl Haley,<br><br>    Plaintiff,<br><br>v.<br><br>Bell-Mark Technologies Corporation,<br><br>    Defendant. | Case No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, Earl Haley, (hereinafter referred to as "Plaintiff") by and through his attorneys, Kraemer, Manes & Associates LLC, and files this Complaint alleging as follows:

### I. NATURE OF THE ACTION

1. Plaintiff initiates this action to redress violations of Bell-Mark (hereinafter referred to as "Defendant") of the Fair Labor Standards Act ("FLSA" – 29 U.S.C. §§ 201, *et seq.*), the Pennsylvania Wage Payment Collection Law ("PA WPCL" – 43 P.S. §§ 260.1, *et. seq.*), and the Pennsylvania Minimum Wage Act ("PA MWA" – 43 P.S. §§ 333.101, *et seq.*).

### II. JURISDICTION AND VENUE

2. This action is initiated pursuant to federal law. The United States District Court for the Middle District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard

set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

4.  Venue is properly laid in this District pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendant resided in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5.  This Court has supplemental jurisdiction over Plaintiff's Pennsylvania state law claims pursuant to 28 U.S.C. § 1367.

### III. PARTIES

6.  The forgoing paragraphs are incorporated in their entirety as if set forth in full.

7.  Plaintiff is an adult individual with a primary residence located at 108 Winters Town Road, Red Line, PA 17356.

8.  Defendant is a Pennsylvania business corporation with a regular place of business located at 4500 W. Canal Road, Dover, PA 17315.

### IV. FACTUAL BACKGROUND

9.  The forgoing paragraphs are incorporated in their entirety as if set forth in full.

10.  Plaintiff was hired by Defendant as a Field Services Technician in or around June 2005.

11.  At all times relevant herein, Plaintiff's primary job duties included installation and repair of printers manufactured by Defendant.

12.  Plaintiff's last day of employment with Defendant was on or around July 17, 2015.

13.  At all times relevant herein, Plaintiff regularly worked greater than forty (40) hours per week.

14. At all times relevant herein, Defendant knew Plaintiff regularly worked greater than forty (40) hours per week.

15. At all times relevant herein, Defendant failed to pay Plaintiff the legally required overtime rate for hours worked in excess of forty (40) hours per week.

16. Upon information and belief, Defendant has failed to keep accurate records of all hours worked by Plaintiff.

17. At all times relevant herein, Defendant paid Plaintiff a bi-weekly flat rate of approximately $2,036.00, regardless of whether Plaintiff worked in excess of forty (40) hours per week.

18. At all times relevant herein, Defendant failed to post employees' rights posters and/or otherwise provide required notice to employees, including Plaintiff, regarding their rights under applicable law pertaining to the payment of overtime wages.

19. At various times in 2015, Plaintiff complained to Defendant's management-level employees, including but not limited to Plant Manager, Ben Black ("Mr. Black") regarding Defendant's failure to pay overtime.

20. In addition to Mr. Black, Plaintiff made many verbal complaints to Defendant's Salesmen. Upon information and belief, Salesmen had supervisory authority over Plaintiff, as they would often re-arrange Plaintiff's work schedule.

21. On or around late July 15, 2015, Plaintiff was required to work an assignment in Swedesboro, New Jersey. Even though Plaintiff completed his assignment by approximately noon, Salesman James Pugh ("Mr. Pugh") instructed Plaintiff to remain at the job site because the "customer wanted more production per minute." Upon information and belief, Mr. Pugh is the son of Defendant's Owner, Thomas Pugh.

22. Although Plaintiff remained at job site as instructed, he immediately complained to Mr. Pugh and stated that would not continue to work overtime without proper compensation.

23. Two days later, namely, on July 17, 2017, Plaintiff was terminated from employment with Defendant.

24. Defendant knowingly and willfully failed to pay Plaintiff overtime for all hours worked in excess of forty (40) hours per week.

25. Defendant terminated Plaintiff's employment within a close temporal proximity of Plaintiff complaining about the nonpayment of overtime.

## Count I
## Violations of the FLSA
### (Failure to Pay Overtime and Retaliation)

26. The foregoing paragraphs are incorporated in their entirety as if set forth in full.

27. Defendant is an employer as defined by the FLSA.

28. At all times relevant herein, Plaintiff was an employee of Defendant as defined by the FLSA.

29. Pursuant to the FLSA all nonexempt employees must be paid at the rate of one and one-half times their regular rate for all hours worked in excess of forty (40) hours in a week.

30. At all times relevant herein, Plaintiff's job was such that he does not qualify as an exempt employee under the FLSA.

31. Defendant violated the FLSA insofar as Defendant failed to pay Plaintiff overtime wages as required by the FLSA for hours worked in excess of forty (40) hours per week.

32. Defendant's failure to pay Plaintiff overtime was willful, intentional and malicious insofar as Defendant knew or should have known that Plaintiff was entitled to overtime, yet failed to comply with its obligations pursuant to the FLSA.

33. The FLSA makes it unlawful to discharge an employee because such employee engaged in protected activity with respect to the FLSA.

34. Plaintiff engaged in protected activity with respect to the FLSA insofar as he regularly complained to Defendant regarding Defendant's failure to pay him the required overtime rate.

35. Defendant terminated Plaintiff's employment within a close temporal proximity of Plaintiff's complaints regarding Defendant's nonpayment of overtime.

36. The above actions constitute violations of the FLSA.

37. Plaintiff is entitled to damages incurred within the three (3) years preceding the filing of this Complaint because Defendant acted willfully and knew that its conduct was prohibited by the FLSA.

38. Defendant lacks any good faith or reasonable grounds to believe that its failure to pay Plaintiff overtime was not a violation of the FLSA. Plaintiff is therefore entitled to recover liquidated damages as prescribed by the FLSA.

**Count II**
**Violations of the PA MWA**
**(Failure to Pay Overtime)**

39. The foregoing paragraphs are incorporated in their entirety as if set forth in full.

40. Defendant is an employer as defined by the PA MWA.

41. Defendant violated the overtime provisions of the PA MWA insofar as Defendant failed to pay Plaintiff the requisite overtime wages for all hours worked in excess of forty (40) hours per week.

42. Defendant violated the PA MWA by virtue of its failure to adequately inform Plaintiff of the applicable requirements of the PA MWA.

43. Defendant's failure to pay Plaintiff overtime was willful, intentional and malicious insofar as Defendant knew or should have known that Plaintiff was entitled to overtime, yet failed to comply with its obligations pursuant to the PA MWA.

### Count III
### Violations of the PA WPCL
### (Nonpayment of Wages)

44. The foregoing paragraphs are incorporated in their entirety as if set forth in full.

45. Defendant is an employer as defined by the PA WPCL.

46. As described above, Defendant has failed to pay Plaintiff the legally required overtime rate for hours worked in excess of forty (40) hours per week in violation of the FLSA and PA MWA.

47. Pursuant to the PA WPCL, "wages" means all earnings of an employee, regardless of whether determined on time, task, piece, commission or other method of calculation.

48. Pursuant to the PA WPCL, when an employer separates an employee from the payroll, all wages or compensation owed is due and payable no later than the next regular payday on which such wages would otherwise be due and payable.

49. The total amount of overtime hours owed to Plaintiff by Defendant constitutes "wages" as such term is defined by the PA WPCL.

50. Defendant's failure to pay Plaintiff all wages owed constitutes a violation of the PA WPCL.

51. Plaintiff is entitled to liquidated damages in an amount equal to twenty-five percent (25%) of the wages due.

**WHEREFORE,** Plaintiff prays that this Honorable Court enter an order that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom is to be ordered to promulgate and effective policy against such unlawful acts and to adhere thereto;

B. Defendant is to compensate Plaintiff for all wages owed, including but limited to overtime wages for all hours worked in excess of forty (40) hours per week.

C. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation at the hand of Defendant until the date of verdict;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, liquidated damages (where legally permitted);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable law; and

G. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff also has endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully Submitted,

*Colin P. Saltry*

Colin P. Saltry, Esquire
**KRAEMER, MANES & ASSOCIATES LLC**
PA ID: 323464
1515 Market Street
Suite 1200
Philadelphia, PA 19102
(215) 475 3544 - Direct
(215) 853 3655 - Fax
cs@lawkm.com



**KRAEMER, MANES & ASSOCIATES LLC**

BUSINESS | EMPLOYMENT | LITIGATION

1515 Market Street
Suite 1200
Philadelphia, PA 19102
Office: (412) 626-5626
www.lawkm.com

COLIN P. SALTRY
ATTORNEY AT LAW
Direct: (215) 475-3544
Fax: (215) 734-2466
cs@lawkm.com

September 27, 2017

FILED
HARRISBURG, PA

OCT 02 2017

Via U.S. Mail
Clerk's Office
Ronal Reagan Federal Bldg. & U.S Courthouse
228 Walnut Street
P.O. Box 983
Harrisburg, PA 17101

Re:   **Earl Haley v. Bell-Mark Technologies Corporation**

Dear Sir/Madam:

Enclosed please find the following with respect to the above matter:

- Original Copy of the Complaint;
- Civil Cover Sheet; and
- A check in the amount of $400 for the requisite filing fee.

Please contact me if you have any questions or concerns regarding the above.

Very Truly Yours,

Colin P. Saltry, Esq.
*Attorney for Plaintiff, Earl Haley*

Enclosures

```
Court Name: District Court
Division: 1
Receipt Number: 11021115
Cashier ID: bdanilow
Transaction Date: 10/02/2017
Payer Name: KRAEMER MANES AND ASSOCIATES

CIVIL FILING FEE
  For: KRAEMER MANES AND ASSOCIATES
  Case/Party: D-PAM-1-17-CV-001775-001
  Amount:       $400.00

Paper Check Conversion
  Check/Money Order Num: 2611
  Amt Tendered: $400.00

Total Due:      $400.00
Total Tendered: $400.00
Change Amt:     $0.00


Only when bank clears the check or
verifies credit of funds is the fee
or debt officially paid or
discharged. A fee of $53.00 will be
charged for returned checks.
```