## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Earl Haley, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:17-cv-01775-CCC |
| | ) | |
| v. | ) | |
| | ) | **FILED VIA ECF** |
| Bell-Mark Technologies Corporation, | ) | |
| | ) | **DEFENDANT'S ANSWER TO** |
| Defendant. | ) | **THE COMPLAINT** |

Defendant Bell-Mark Technologies Corporation hereby answers the consecutively numbered paragraphs of the Complaint filed by Plaintiff Earl Haley as follows:

### I. NATURE OF THE ACTION

1. Defendant admits that Plaintiff alleges violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. §260.1 *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §333.101 *et seq.*, but denies that it violated such statutes.

## II.     JURISDICTION AND VENUE

2.     Defendant admits that Plaintiff alleges a violation of federal law, and asserts subject matter jurisdiction based on a federal question.  The remainder of paragraph 2 contains contentions of law to which no answer is required.

3.     Defendant admits that it has contacts with this judicial district.  The remainder of paragraph 3 contains contentions of law to which no answer is required.

4.     Defendant admits that it conducts business in this judicial district.  The remainder of paragraph 4 contains contentions of law to which no answer is required.

5.     Defendant admits that Plaintiff alleges supplemental jurisdiction over his WPCL and PMWA claims.  The remainder of paragraph 5 contains contentions of law to which no answer is required.

## III.     PARTIES

6.     The foregoing paragraphs are incorporated in their entirety as if set forth in full.

7.     Defendant admits that Plaintiff is an adult individual.  Defendant is without information sufficient to form a belief as to the truth or falsity of the allegation regarding Plaintiff's current residence, and so denies the same.

8.     Defendant admits that it is a Pennsylvania business corporation with a

place of business at 4500 W. Canal Road, Dover, PA 17315.

## IV.  FACTUAL BACKGROUND

9. The foregoing paragraphs are incorporated in their entirety as if set forth in full.

10. Defendant admits that Plaintiff was hired in or around June 2005 as a Field Services Technician.

11. Defendant admits that Plaintiff's job duties included installation and repair of printers manufactured by Defendants among other things, and denies the remaining allegations sets forth in paragraph 11.

12. Defendant admits that Plaintiff's last day of employment with Defendant was on or about July 17, 2015.

13. Defendant denies that during the relevant time period, which is October 2, 2014 (three years before the filing of the Complaint) to July 17, 2015 (when Plaintiff's employment was terminated) Plaintiff regularly worked greater than forty (40) hours per week.

14. Defendant denies that during the relevant time period -- October 2, 2014 to July 17, 2015 -- it knew that Plaintiff regularly worked greater than 40 hours per week and denies that Plaintiff worked such hours.

15. Defendant denies that it was legally required to pay Plaintiff overtime during the relevant time period and denies any remaining allegations set forth in

paragraph 15.

16. Defendant avers that Plaintiff was classified as exempt and recorded his hours worked consistent with that classification, and denies any remaining allegations set forth in paragraph 16.

17. Defendant admits that Plaintiff was paid on a salary basis, denies that Plaintiff worked more than 40 hours per week during the relevant time period -- October 2, 2014 to July 17, 2015 -- and denies any remaining allegations set forth in paragraph 17.

18. Defendant denies that it failed to comply with posting obligations imposed by law, and denies any remaining allegations set forth in paragraph 18.

19. Defendant denies that Plaintiff complained about any failure to pay overtime while he was employed by Defendant, and denies any remaining allegations set forth in paragraph 19.

20. Defendant admits that Plaintiff complained to Defendant's salespeople about work, but denies that these complaints related to overtime, denies that such salespeople had supervisory authority over Plaintiff, and denies any remaining allegations set forth in paragraph 20.

21. Defendant admits that on or about July 15, 2015, Plaintiff was instructed to remain at a job site due to a customer request. Defendant further admits that Defendant is a family business owned collectively by a number of

family members, but denies the remaining allegations set forth in paragraph 21.

22. Defendant admits that Plaintiff complained about remaining at the job site, but denies that his complaints related to overtime, and denies any remaining allegations set forth in paragraph 22.

23. Defendant admits that Plaintiff's employment was terminated on or about July 17, 2015, but denies any remaining allegations or inferences contained in paragraph 23.

24. Defendant denies that it had a legal duty to pay Plaintiff overtime, denies that Plaintiff worked more than 40 hours per week during the relevant time period and denies any remaining allegations set forth in paragraph 24.

25. Defendant denies that Plaintiff complained about the nonpayment of overtime during his employment, denies that it terminated his employment within a close temporal proximity of any such complaint, and denies any remaining allegations set forth in paragraph 25.

## COUNT I
### Violations of the FLSA
**(Failure to Pay Overtime and Retaliation)**

26. The foregoing paragraphs are incorporated in their entirety as if set forth in full.

27. Defendant admits that it employs employees. The remainder of paragraph 27 contains contentions of law to which no answer is required, and were

an answer required, Defendant denies the same.

28. Defendant admits that it employed Plaintiff. The remainder of paragraph 28 contains contentions of law to which no answer is required, and were an answer required, Defendant denies the same.

29. Paragraph 29 contains contentions of law to which no answer is required, and were an answer required, Defendant denies the same.

30. Defendant denies that Plaintiff's job duties did not qualify him as an exempt employee under the FLSA, and denies any remaining allegations set forth in paragraph 30.

31. Defendant denies that it violated the FLSA by failing to pay Plaintiff overtime for hours worked in excess of 40 per week, and denies any remaining allegations set forth in paragraph 31.

32. Defendant denies that it failed to comply with its obligations under the FLSA and denies the remaining allegations set forth in paragraph 32.

33. Paragraph 33 contains contentions of law to which no answer is required, and were an answer required, Defendant denies the same.

34. Defendant denies that Plaintiff complained to Defendant during the relevant time period of his employment regarding a failure to pay overtime, denies that Plaintiff engaged in any protected activity under the FLSA, and denies any remaining allegations set forth in paragraph 34.

35.     Defendant admits that it terminated Plaintiff's employment but denies that he complained about any failure to pay overtime prior to his termination, and denies any remaining allegations set forth in paragraph 35.

36.     Defendant denies that it violated the FLSA, and denies any remaining allegations or inferences set forth in paragraph 36.

37.     Defendant denies that it engaged in any activity in violation of the FLSA, much less willfully engaged in such activity, denies that Plaintiff is entitled to any damages, and denies any remaining allegations set forth in paragraph 37.

38.     Defendant denies that it lacked a good faith basis or reasonable grounds to have classified Plaintiff as an exempt employee, and denies the remaining allegations set forth in paragraph 38.

**COUNT II**
**<u>Violations of the PMWA</u>**
**(Failure to Pay Overtime)**

39.     The foregoing paragraphs are incorporated in their entirety as if set forth in full.

40.     Defendant admits that it employs employees.  The remainder of paragraph 40 contains contentions of law to which no answer is required, and were an answer required, Defendant denies the same.

41.     Defendant denies that it violated the PMWA by failing to pay Plaintiff overtime for hours worked in excess of 40 hours per week, and denies any

remaining allegations set forth in paragraph 41.

42. Defendant denies that it violated the PMWA by failing to adequately inform Plaintiff of the requirements of the PMWA, and denies any remaining allegations set forth in paragraph 42.

43. Defendant denies that it failed to comply with its obligations pursuant to the PMWA, and denies the remaining allegations set forth in paragraph 43.

### COUNT III
### Violations of the WPCL
### (Nonpayment of Wages)

44. The foregoing paragraphs are incorporated in their entirety as if set forth in full.

45. Defendant admits that it employs employees. The remainder of paragraph 45 contains contentions of law to which no answer is required, and were an answer required, Defendant denies the same.

46. Defendant denies that it violated the FLSA or PMWA by failing to pay Plaintiff overtime for hours worked in excess of 40 hours per week, and denies any remaining allegations set forth in paragraph 46.

47. Paragraph 47 contains contentions of law to which no answer is required, and were an answer required, Defendant denies the same and further denies any inference that a WPCL claim can be premised on a violation of a statutory duty.

48.     Paragraph 48 contains contentions of law to which no answer is required, and were an answer required, Defendant denies the same and further denies any inference that a WPCL claim can be premised on a violation of a statutory duty.

49.     Defendant denies that a WPCL claim can be premised on an alleged failure to pay overtime under the FLSA or PMWA. *E.g. Drummond v. Herr Foods, Inc.*, 2014 U.S. Dist. LEXIS 2409, *3-10 (E.D. Pa. Jan. 9, 2014) (J. Schiller) (a contract is required to state a WPCL claim); *Pieretti v. Dent Enterprises, Inc.*, 2013 U.S. Dist. LEXIS 27244, *9-10 (E.D. Pa. Feb. 27, 2013) (declining to permit a WPCL claim to be based on a PMWA claim); *Scott v. Bimbo Bakeries, USA, Inc.*, No. 10-3154, 2012 U.S. Dist. LEXIS 26106, at **17-18 (E.D. Pa. Feb. 29, 2012) (declining to permit a WPCL claim to be based on a PMWA or FLSA claim). Defendant denies any remaining allegations set forth in paragraph 49.

50.     Defendant denies that it failed to pay Plaintiff wages owed, denies that it violated the WPCL, and denies any remaining allegations or inferences contained in paragraph 50.

51.     Defendant denies that Plaintiff is entitled to any damages, much less liquidated damages, and denies any remaining allegations set forth in paragraph 51.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

3. Plaintiff's claims are barred, in whole or in part, because he has already been paid and/or received all wages due to him under federal and state law.

4. Plaintiff's claims are barred, in whole or in part, insofar as any act(s) and/or omissions that may be found to be in violation of the FLSA, PMWA and PWPCL occurred in good faith in conformity with and in reliance on written administrative regulation, order, ruling, opinion letter, approval and/or interpretation of the United States Department of Labor and/or the Pennsylvania Department of Labor and Industry.

5. Plaintiff's claims are barred, in whole or in part, because he has sustained no damages.

6. Plaintiff's claims are barred, in whole or in part, by the *de minimis* doctrine.

7. Plaintiff is not entitled to equitable relief insofar as he has an adequate remedy at law.

8. Plaintiff's claims are barred, in whole or in part, by the doctrines of release, accord and satisfaction, waiver, estoppel, laches, unclean hands, set-off

and/or avoidable consequences.

9. Plaintiff's claim for lost wages is barred insofar as he failed to mitigate his damages.

10. Plaintiff's claims are barred, in whole or in part, to the extent that he performed compensable work activities that were not known to Defendant and could not reasonably have been known by Defendant.

11. Plaintiff's claims are barred, in whole or in part, to the extent that his alleged activities were non-compensable preliminary or postliminary activities under the Portal to Portal Act, 29 U.S.C. §251 *et seq.*, or otherwise non-compensable travel time under the PMWA.

12. Plaintiff's PWPCL claim fails because that statute exists to enforce contractual, not statutory, rights.

13. Plaintiff's claims are barred, in whole or in part, by exclusions, exceptions, credits, or offsets permissible under the FLSA, PMWA and PWPCL.

14. Plaintiff's claims are barred because any employment decisions made with respect to him were made in good faith and for legitimate, non-retaliatory business reasons.

15. Plaintiff's claims are barred because Defendant had reasonable grounds for believing that any alleged acts and omissions were not violations of the FLSA, PMWA or PWPCL.

WHEREFORE, Defendant requests that the Complaint be dismissed in its entirety, with prejudice, that judgment be entered in its favor and against Plaintiff and that the Court awards such other relief as is just and equitable.

Dated: December 4, 2017

**LITTLER MENDELSON, P.C.**

/s/ *Martha J. Keon*

Martha J. Keon, (PA #207237)
**Littler Mendelson, P.C.**
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102.1321
267-402-3000  Telephone
267-402-3131  Facsimile
mkeon@littler.com

CHIESA SHAHINIAN & GIANTOMASI, P.C.
Catherine P. Wells (to apply *pro hac vice*)
Chelsea P. Jasnoff (to apply *pro hac vice*)
One Boland Drive
West Orange, NJ 07052
973-530-2051 Telephone
973-530-2251 Facsimile
cwells@csglaw.com
cjanoff@csglaw.com

*Attorneys for Defendant*
*Bell-Mark Technologies Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of December 2017, the foregoing document was filed using the Middle District of Pennsylvania's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon the following counsel of record:

>Colin P. Saltry, Esq.
>Jonathan W. Chase, Esq.
>Kraemer, Manes & Associates, LLC
>1515 Market Street, Suite 1200
>Philadelphia, PA 19102
>215-475-3544 Direct
>215-853-3655 Fax
>cs@lawkm.com

/s/ *Martha J. Keon*
Martha J. Keon

Firmwide:151542240.1 095538.1001